IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. OWL FEATHER-GORBEY, :     Civil No. 3:20-cv-1050
                                  :

             Plaintiff         :     (Judge Mariani)
                                    :

    v.                           :
                                    :

MR. GASS, *et al.*,           :
                                    :

            Defendants      :

## MEMORANDUM

Plaintiff, Michael Steven Owl Feather-Gorbey ("Gorbey"), a federal inmate

incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"),

initiated the instant action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort

Claims Act ("FTCA")[2]. (Doc. 1). He subsequently filed a motion (Doc. 9) for leave to amend

the complaint. Gorbey seeks to proceed *in forma pauperis*. (Doc. 2). Gorbey is a prolific

filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g).

Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

serious physical injury at the time he filed his complaint.  *Abdul-Akbar v. McKelvie*, 239 F.3d

307, 310-11 (3d Cir. 2001) (en banc).  In support of his allegations of imminent danger,

Gorbey filed a motion (Doc. 14) to present new facts, along with a supporting brief (Doc.

15), and a statement of facts (Doc. 16).  The Court will grant Gorbey's motion (Doc. 14) to

present new facts and consider the newly asserted claims of imminent danger (Doc. 16).

Review of the complaint, amendment, and statement of facts has been undertaken

and, as set forth in detail below, Gorbey has not sufficiently alleged or shown that he is in

imminent danger of serious bodily harm.  Accordingly, the application to proceed *in forma

pauperis* will be denied, and this action will be stayed pending receipt of the full filing fee.

I.      **Allegations of the Complaint and Allegations of Imminent Danger**

On June 17, 2020, Gorbey commenced this action with the filing of a *pro se*

complaint.  (Doc. 1).  In his complaint and amendment, Gorbey alleges that Defendants

issued misconducts against him, interfered with his access to the courts, and thwarted his

efforts to exhaust administrative remedies.  (*Id.* at pp. 4-5, 7-13; *see also* Doc. 11).  He also

alleges that he is subjected to inadequate conditions at USP-Lewisburg, he is assigned to a

top bunk despite suffering from chronic injuries, he failed to receive proper medical

treatment for his glaucoma, he is exposed to excessive lighting and 1930s-1940s lead

paints, and there are no duress buttons in G-Unit cells.  (Doc. 1, pp. 14-15).

In his statement of facts, Gorbey alleges that he is in imminent danger of serious

physical injury because BOP officials thwarted his efforts to exhaust his administrative

remedies. (Doc. 16). Specifically, Gorbey asserts that BOP staff improperly denied his administrative remedy wherein he alleged that staff members attempted to murder him by exposing him to COVID-19. (*Id.* at pp. 2-3).

For relief, Gorbey seeks monetary compensation, timely postage and mailings, access to legal copies, immediate medical treatment, and he requests an Order directing the BOP to stop releasing his personal information. (Doc. 1, p. 5; Doc. 11, p. 14).

## II.    Discussion

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Gorbey v. The Federal Bureau of Alcohol, et al.*, Civil No. 5:11-cv-126 (N.D. W. Va. March 14, 2012) at (Doc. 26) (noting that Gorbey has filed eleven cases that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted); *Gorbey v. District of Columbia, et al.*, Civil No. 2:09-cv-151 (S.D. Ind. 2009) at (Doc. 2) (noting that Gorbey was barred from proceeding *in forma pauperis* due to his three strike status under 28 U.S.C. § 1915(g)); *Gorbey v. Federal Bureau of Prisons, et al.*, Civil No. 5:10-cv-309 (M.D. Fla. 2010) at (Doc. 4) (imposing three strikes bar and citing previous

3

strikes incurred by Gorbey).  Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted).  A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision.  *Id.* at 967.  "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315.  Imminent danger must exist "contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In the present matter, Gorbey's claims of imminent danger fail to meet that standard. He asserts that he is in imminent danger of serious physical injury because he is assigned to a top bunk, he failed to receive proper medical treatment for his glaucoma, he is exposed to excessive lighting and lead paint, there are no duress buttons in G-Unit cells, and BOP officials thwarted his efforts to exhaust his administrative remedies.  (Doc. 1, pp. 14-15; Doc. 16).  The Court finds that these allegations simply do not rise to the level of a serious physical injury, or threat of serious physical injury.  28 U.S.C. § 1915(g).  Gorbey's claims are too speculative to be considered imminent.  *See Ball v. Famiglio*, 726 F.3d 448, 468 (3d

4

Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S.Ct. 1759, 1763

(2015), ("[C]ourts . . . deny leave to proceed IFP when a prisoner's claims of imminent

danger are conclusory or ridiculous.") (citation omitted).  An inmate claiming that he is in

imminent danger of serious physical harm must "make specific [and] credible allegations to

that effect."  *Ball*, 726 F.3d at 470 (citation omitted).

　　Upon thorough review of the filings in the instant action, the Court determines that

Gorbey was not under imminent danger of serious physical injury when he signed and filed

his complaint.  Gorbey has failed to meet the imminent danger exception to 28 U.S.C. §

1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to

proceed *in forma pauperis*.  *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir.

2009) (finding that the inmate demonstrated a pattern of abusing judicial process by

repeatedly filing frivolous actions, and affirming the district court's order dismissing the

complaint pursuant to § 1915(g)).  If Gorbey wishes to pursue the claims in this action, he

must pay the filing fee in full.  Failure to pay the full fee will result in dismissal of the

complaint.

III.     **Conclusion**

The Court will deny Gorbey's application to proceed *in forma pauperis* and direct him to submit the requisite filing fee.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October ___, 2020